# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| **BYRON G. JOHNSON, JR.,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  No. 3:14 CV 1443 |
| | ) |
| **SUPERINTENDENT,** | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Byron G. Johnson, Jr., a *pro se* prisoner, filed a habeas petition under 28 U.S.C. § 2254 challenging a prison disciplinary proceeding. (DE # 1.) In MCF-14-02-0295, a disciplinary hearing body ("DHB") at Miami Correctional Facility ("Miami"), found Johnson guilty of Class A offense ##111/113, Attempted Trafficking, and imposed a ninety (90) day deprivation of earned time credit, and suspended sanction of a demotion of credit class. In making the determination of guilt, the hearing officer relied on staff reports, Johnson's statement, transcripts and Jpay records. (DE ## 9-2, 9-3.)

Here, Johnson asserts that there was insufficient evidence to support a guilty finding. (DE # 1 at 2.) In reviewing a disciplinary determination for sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion

reached by the disciplinary board." *Superintendent v. Hill,* 472 U.S. 445, 455-56 (1985). The court will overturn the hearing officer's decision only if "no reasonable adjudicator could have found [the prisoner] guilty of the offense on the basis of the evidence presented." *Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1994). Additionally, a hearing officer is permitted to rely on circumstantial evidence to establish guilt. *See Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992).

Johnson was found guilty of attempted trafficking in violation of disciplinary rules 111/113. Class A offense #111 is defined as "[a]ttempting or conspiring or aiding and abetting with another to commit any Class A offense." (DE # 9-6, Ex. G3.) Class A offense #113, prohibits trafficking with anyone who is not an offender residing in the same facility. (*Id.* at G4.) In this case, there is ample evidence to support the DHB's determination. The conduct report written by Internal Affairs Officer C. Klepinger provided:

> On the above date and approximate time a legal mail package was located that had been sent into the facility with 25 strips of Suboxone concealed inside. Internal Affairs had been monitoring the incoming legal mail due to reports that contraband was going to be sent to NHU.
>
> During the investigation, evidence was found to support that [Byron Johnson] was responsible for the contraband being sent into the facility by his girlfriend Amber Edmond. Phone calls, J-Pay letters, and information from confidential informants substantiated his involvement in this case.
>
> Evidence was also found to indicate that contraband had been sent into the facility on previous occasions for the above offender, also via Amber Edmond.
>
> See IA Case# 13-MCF-0137 for further (CONFIDENTIAL)

(DE # 1-1.)

Included in the internal affairs file were transcripts of recorded telephone conversations between Johnson and his girlfriend, Amber Edmond. (DE # 11-1.) On November 17, 2013, Johnson gave Edmond the name of offender Shawn Goodman along with Goodman's IDOC number. (DE # 11-1, Ex. B14.) Johnson and Edmond discussed one of Edmond's friends writing to Goodman. Johnson and Edmond had another conversation on November 23, 2013, where Johnson refers to Edmond's friend writing to Johnson's "guy." (DE # 11-1, Ex. B15-B16.) During that conversation, Edmond and Johnson also refer to Edmond going to the "pharmacy." In later conversations, Edmond and Johnson discuss Edmond getting a "refill" or getting "it filled" and how much supply Edmond has. (DE # 11-1, Ex. B17-B21.) During a December 7, 2013, call, Johnson asked Edmond if he "need[s] to be looking for anything." The next day Edmond wrote Johnson through the Jpay system that she only had enough for "25 flyers" and that she "flew out tonight." (DE # 11-1, Ex. B22-B23.) On December 10, 2013, "legal mail" was received, and addressed to offender Shawn Goodman, which contained 25 Suboxone strips. (DE # 9, Ex. A; DE # 11-1, Ex. B1-B4.)

Johnson suggests that the evidence was insufficient because there was no direct evidence that he had instructed his girlfriend to send Suboxone to anyone at the prison. (*See* DE # 13 at 6-9.) At the hearing, Johnson commented:

> The only thing I'm guilty of is giving another offender's name over the phone. There are no implications of attempt to traffic. Nothing about the legal mail was fake. It was real legal mail. My name is not on any of that. I don't traffic.

(DE # 1-1.)

3

The hearing officer was not required to credit Johnson's explanation. To be constitutionally adequate, the evidence need not point to only one logical conclusion; the question is solely whether there is some evidence to support the hearing officer's determination. *See Hill*, 472 U.S. at 457. The discussions between Johnson and Edmond, followed up by Suboxone being mailed to offender Goodman, constitute some evidence that Johnson participated in Amber Edmond sending contraband to the prison. As such, the court cannot conclude that the hearing officer's determination was arbitrary or without evidentiary support. *See id.* (due process is satisfied as long as "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary"); *see also Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (witness statements constituted some evidence); *McPherson*, 188 F.3d at 786 (conduct report provided sufficient evidence to support disciplinary determination).

For the reasons set forth above, the petition (DE # 1) is **DENIED**.

        **SO ORDERED.**

Date: November 24, 2014

        s/James T. Moody
        JUDGE JAMES T. MOODY
        UNITED STATES DISTRICT COURT